[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR EXPEDITED STAY OF PROCEEDINGS
On February 21, 2002, the Plaintiff, Stephen Smith, filed this libel and slander action against the Defendant, his former wife, Arlene Smith. He claims that the Defendant and her children have been spreading various lies that he has engaged in abusive and offensive behavior which has resulted in his being investigated and arrested as well as causing him to suffer severe emotional distress.
The Plaintiff has applied for a temporary injunction and restraining order in which he requests that the Defendant be ordered to refrain from "stating, disclosing and/or publishing (or communication of any kind) to any person or entity any words concerning the plaintiff which are false and which refer to any act or conduct of an immoral, disgusting or criminal nature, including but not limited to: child abuse or molestation, assault or attempted assault, threatening, pornography or child pornography."
On March 14, 2002, an appearance was filed on behalf of the Defendant by the Office of the victim Advocate pursuant to General Statutes §46a-13c (5) as amended by Public Act 01-211[1] for the purpose of pursuing a motion for an expedited stay of proceedings only. The Defendant then moved for a stay of proceedings pursuant to Public Act 01-211 (15). That act provides: "Any civil action brought against a crime victim, as defined in section 1-1k of the general statutes, by a defendant in a criminal proceeding on account of the exercise or intended exercise by such crime victim of any right guaranteed under the first amendment to the United States Constitution, section 3, 4 or 14 of article first of the constitution of the state or subsection b. of article twenty-ninth of the amendments to the constitution of the state or any right provided to such crime victim by any provision of the general statutes, shall, upon motion of such crime victim, be stayed during the pendency of such criminal proceeding."
In evaluating this matter the court has only before it the pleadings filed. It has heard no evidence as to the validity of the Plaintiffs claims. Therefore the court must review the Defendant's motion for a stay based on the allegations contained in the pleadings.
There appears to be no dispute that the Defendant is one of the victims of the crimes of which the Plaintiff stands accused.[2] This action seeks to restrain the Defendant from taking part in any further acts of alleged libel and slander including the making of allegations of criminal conduct against the Plaintiff. The Plaintiff also specifically requests a temporary injunction and restraining order which would include prohibiting the Defendant from making any statements regarding matters which are the subject of the pending criminal proceedings against him. In fact, many of the statements the Plaintiff refers to in his affidavit in support of the application for temporary relief are statements made by the Defendant to the "Rockville Court," the "State Police" and the "State's Attorneys Office." CT Page 7861
Public Act 01-211 (15) requires that the court stay the proceedings in any civil action, brought by a criminal defendant against a victim on account of the exercise or intended exercise by such victim of certain constitutional and statutory rights, until the disposition of the criminal matter. Pursuant to the First Amendment to the United States Constitution the Defendant has a right to voice her concerns regarding matters of public interest without any restriction being imposed upon her by the government. "`Freedom of discussion, if it would fulfill its historic function in this nation, must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period.' Thornhill v. Alabama,310 U.S. 88, 102." Time, Inc. v. Hill, 385 U.S. 374, 388 (1967). Obviously, the right of a person to report alleged criminal conduct to the proper authorities is embraced in the protection of theFirst Amendment of the United States Constitution. Section 4 of the First
Article of the Connecticut Constitution which provides that "[e]very citizen may freely speak" certainly provides no less protection. See,Leydon v. Greenwich, 257 Conn. 318, 347 (2001) (Articles 4, 5 and 14 of the Connecticut Constitution provide greater protection for expressive activity than the First Amendment of the United States Constitution).
Here the essence of the Plaintiffs action is to stop the Defendant from voicing her complaints against the Plaintiff to the proper authorities. In urging the passage of Public Act 01-211 (15), Representative Lawlor stated that it grew out of an incident where a victim had been sued regarding remarks she had made at a court hearing on the criminal defendant's motion for accelerated rehabilitation. Action which, Representative Lawlor claimed, was taken to intimidate the victim and which resulted in her being deposed shortly after the civil action was filed. Representative Knopp also stated that the legislation "protects the crime victim against a retaliatory civil action." 44 H.R. Proc. Pt. 19, 2001 Sess., pp 006385-006388.
It is also clear that pursuant to Section 14 of the First Article of the Connecticut Constitution that the Defendant has the right to voice her complaints to the court, the police and the state's attorney's office. Section 14 of the First Article of the Connecticut Constitution provides that a person has a right to "apply to those invested with the powers of government, for redress of grievances, or other proper purposes, by petition, address or remonstrance." In addition, pursuant to Article XXIX of the amendments to the Connecticut Constitution[3] the Defendant specifically has the right to speak to the prosecutor and address the court regarding the criminal matters in which she is a victim. Thus the Plaintiffs action seeks to restrain the Defendant precisely in the exercise of those rights referenced in Public Act 01-211 CT Page 7862 and thus this matter comes squarely within its terms.
The Plaintiff argues that he is not seeking to enjoin the Defendant's exercise of her constitutional rights since slanderous or libelous statements are not protected by the constitution. The Defendant counters that the veracity of the statements allegedly made by the Defendant is the ultimate issue in this case and should not be decided on the Defendant's motion for a stay. The Defendant argues that Public Act 01-211 requires that the determination of the veracity of the crime victim's statements must await the outcome of the criminal proceedings against the Plaintiff. The court agrees.
Language similar to that set forth in Public Act 01-211 (15) appears in General Statutes 31-51q. That statutes creates a statutory cause of action for damages against an employer by an employee who has been subjected "to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state. . . ." The Court in Cotto v. United TechnologiesCorporation, 251 Conn. 1, 9 (1999) noted that: "As a remedial statute, § 31-51q deserves a generous construction that implements its purpose at one of the important places, the private workplace, in which those rights may be impaired. See Reid v. Covert, 354 U.S. 1, 40,77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957) (Bill of Rights should be broadly construed); Dysart Corp. v. Seaboard Surety Co., 240 Conn. 10, 18,688 A.2d 306 (1997) (remedial statutes should be read broadly); Colognev. Westfarms Associates, 192 Conn. 48, 66-85, 469 A.2d 1201 (1984) (Peters, J., dissenting) (advocating broad interpretation of article first, §§ 4 and 14)."
As a remedial statute, the provisions of Public Act 01-211 (15) must also be liberally construed to require that the court apply its terms where, on the face of the complaint and the other pleadings and affidavit before it, it is apparent that the Plaintiff is attempting to seek to restrain the Defendant's exercise of those rights covered by the statute. To require a hearing at this stage prior to the implementation of a stay, could itself, by subjecting the Defendant to examination and cross-examination by the Plaintiff, serve to inhibit her in the exercise of those rights the statute is designed to protect.
The provisions of Public Act 01-211 do not deprive the Plaintiff of any cause of action that he may have against the Defendant but only postpones its determination until the conclusion of the criminal proceedings. If this action were allowed to proceed while the criminal matters were pending, and if the Plaintiff were successful in obtaining the relief he seeks on an interim basis, the state may be hampered in its efforts to CT Page 7863 proceed in the criminal matters because of restraints that might be imposed on the Defendant's ability to fully cooperate in any prosecution. There is a clear public interest in allowing a criminal matter to proceed unfettered by orders that may be entered in a private civil dispute restricting, or at least chilling, a parties willingness to cooperate in the resolution of the criminal matter. This procedure for allowing the Plaintiff to proceed with his libel and slander action after the criminal proceedings have concluded balances the right of the Defendant to voice her claims against the Plaintiff and the right of the Plaintiff to seek redress against her if her claims are false. This is the essence of the right to free speech embodied in the state constitution, the right to speak and to be responsible for what one has spoken. Hogan v. New York Times Company, 211 F. Sup. 99, 108, aff'd.313 F.2d 354 (D. Conn. 1962). Section 4 of the First Article of the state constitution provides: "Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty." This serves to protect both the public interest in the ability to speak freely while at the same time recognizing the "`important social values which underlie the law of defamation,' and . . . that `[s]ociety has a pervasive and strong interest in preventing and redressing attacks upon reputation.' Rosenblatt v. Baer, 383 U.S. 75, 86, 86 S.Ct. 669, 676,15 L.Ed.2d 597 (1966)." Milkovich v. Lorain Journal Co., 110 S, Ct. 2695, 2708 (1990).
Therefore, the Defendant's Motion for Expedited Stay of Proceedings is granted.
 ___________________, J. Scholl